UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DONALD V. WATKINS, SR., <br><br> Defendant. | No. 2:23-cr-00024-DAD <br><br> ORDER DENYING DEFENDANT'S REQUEST FOR CM/ECF FILING AND DIRECTING THE GOVERNMENT TO RESPOND TO THE DEFENDANT'S MOTION FOR UNSEALING AND RETURN OF PASSPORT <br><br> (Doc. No. 4) |

      On March 8, 2019, at the conclusion of a 14-day jury trial in the United States District Court for the Northern District of Alabama in Case No. 2:18-CR-166 KOB, defendant Donald V. Watkins, Sr. was convicted of multiple counts of wire fraud and bank fraud.  (Doc. No. 3 at 3, 66.)  On July 16, 2019, he was sentenced to a 60-month term of imprisonment with a 36-month term of supervised release to follow, a special assessment of $1,000 and was ordered to pay restitution to the victims of his offenses in the amount of $14,100,000.00.  (*Id*. at 3-8, 71.)

      On February 7, 2023, following the commencement of defendant Watkins, Sr.'s term of supervised release, jurisdiction over the supervised releasee was transferred from the Northern District of Alabama to this court and the undersigned.  (Doc. No. 1.)  On March 22, 2023 and April 3, 2023, transfer documents were received by this court from the Northern District of Alabama and entered on this court's docket.  (Doc. Nos. 2 and 3.)

On June 7, 2023, defendant Watkins, Sr. filed a *pro se* motion in this court seeking the following: (1) an order that twenty-four documents filed under seal in his criminal case, Northern District of Alabama Case No. 2:18-CR-166 KOB, be unsealed; (2) permission to use this court's CM/ECF filing system which is limited to use by counsel absent order of the court; and (3) the return of his passport which was purportedly surrendered to the Clerk of the Court in the Northern District of Alabama as a condition of his pretrial release in the underlying criminal prosecution. (Doc. No. 4.)

The court will deny defendant Watkins, Sr.'s motion for permission to utilize this court's CM/ECF filing system at this time. In his pending motion defendant makes no showing of his need for access to this court's CM/ECF filing system. He states only that he was "a registered CM/ECF filer in the U.S. District Court for the Northern District of Alabama" and that "use of the CM/ECF system in this Court for this case requires the Court's permission[.]" (Doc. No. 4 at 4.) This is an insufficient showing of need for the requested CM/ECF access. *See* Local Rules 133(b)(2), 183(c). A case number was assigned to this matter upon the transfer of jurisdiction to this court over the supervised releasee. Nonetheless, that case is identified as "closed" on this court's docket because there are no proceedings currently pending before this court. Rather, this court simply has jurisdiction over defendant's supervised release term. As has been recognized in the context of a supervised releasee moving for relief under 18 U.S.C. § 2255 after transfer of jurisdiction:

> The Court agrees with the other federal courts to have considered this issue that the plain language of § 2255 requires challenges such as the ones at issue here to be brought in the sentencing court, irrespective of any transfer of jurisdiction over a defendant's supervised release. Further, as the government correctly points out, 18 U.S.C. § 3605 expressly limits the Court to which jurisdiction over supervised release is transferred to the "exercise [of] all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227." Such powers do not include consideration of a motion attacking a defendant's conviction or the imposition of his sentence. Nothing in the relevant statutory scheme supports the conclusion that this District is the appropriate forum to hear Defendant's challenges to his conviction and the imposition of his sentence.

*United States v. Cottom*, 6:15-CR-06054 EAW, 6:21-CR-06067 EAW, 2021 WL 3046643, at *3

(W.D.N.Y. July 20, 2021).[1]

For these same reasons, the undersigned believes that this court is unlikely to be the appropriate forum in which to resolve defendant's motion to unseal documents filed under seal in the Northern District of Alabama or his motion for return of his passport which he surrendered to the Clerk of the Court in the Northern District of Alabama.  Out of an abundance of caution, however, the undersigned will direct the U.S. Attorney's Office of this district to file a response to these two requests advanced by defendant Watkins, Sr. in this court within fourteen days of the date of this order.  That response may include the government's position regarding the issue of the appropriate forum for resolution of the issues posed by defendant's motion.  Upon receipt of the government's response, the court will issue an order addressing defendant's request for unsealing of documents and return of his passport.

Accordingly, defendant's motion (Doc. No. 4) is denied as to his request for CM/ECF access and otherwise deferred pending the submission of the government's response.

IT IS SO ORDERED.

Dated:  **July 21, 2023**

_____
UNITED STATES DISTRICT JUDGE

---

[1] Indeed, this court would note that in transferring jurisdiction over the supervised releasee to this court the district judge presiding over his case in the Northern District of Alabama stated that collection of restitution was being retained by the sentencing court and even struck the provision that would have authorized this court to modify the length of the term of supervised release without further inquiry to the judge who had sentenced defendant Watkins, Sr. (*See* Doc. No. 1.)

3